UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS L. MASSEY, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 5210 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| JAMES C. BORLAND, Assistant Deputy Commissioner, in | ) | |
| his official and individual capacity, CHRISTOPHER L. | ) | |
| DILLON, Administrative Appeals Judge, in his official and | ) | |
| individual capacity, and ROXANNE J. KELSEY, | ) | |
| Administrative Law Judge, in her official and individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Carlos Massey brought this suit against the Commissioner of Social Security,

the Assistant Deputy Commissioner of Social Security, and an Administrative Appeals Judge

and an Administrative Law Judge ("ALJ") with the Social Security Administration ("SSA").

The complaint alleges that the Commissioner improperly denied Massey's claim for Social

Security disability benefits and also that Defendants conspired together to deprive him of his

constitutional rights and to commit crimes against him in violation of the Racketeer Influenced

and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. Doc. 1. Defendants have

moved to dismiss the complaint to the extent it brings RICO and constitutional claims—that is,

except to the extent that it names the Commissioner as a defendant and challenges the denial of

disability benefits. Doc. 14. The motion is granted, but the dismissal of the RICO and

constitutional claims rests on grounds other than those advanced by Defendants.

-1-

Section 405(g) of Title 42 allows disappointed applicants for Social Security benefits to seek judicial review of the Commissioner's decision:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party … may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. … The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing. … The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions. …

42 U.S.C. § 405(g). Defendants contend that judicial review as provided for by § 405(g) is the sole avenue by which a plaintiff may bring a lawsuit arising out of the denial of Social Security benefits. They premise their argument on § 405(h), which provides in part:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). Defendants assert that § 405(h) deprives this court of subject matter jurisdiction over Massey's claims except to the extent that they come under § 405(g), and that the court accordingly must dismiss Massey's RICO and constitutional claims for lack of jurisdiction.

The court has subject matter jurisdiction over the entire complaint, including the RICO and constitutional claims. True, Massey challenges under § 405(g) the Commissioner's denial of his application for benefits, and he also brings other claims that go beyond the scope of judicial review provided for by § 405(g). But § 405(h) prevents this court from exercising jurisdiction over those other claims only to the extent that they request "review[]" of "findings of fact or

decision[s] of the Commissioner of Social Security," or amount to an "action … to recover on any claim arising under this subchapter," meaning the subchapter on "Federal Old-Age, Survivors, and Disability Insurance Benefits." *Ibid*. Construed in favor of Massey, who is the non-movant, the complaint's RICO and constitutional claims are not challenges to the Commissioner's denial of benefits or attempts to recover on Massey's claim for benefits. Rather, those claims allege that the SSA officials who participated in the denial of benefits also conspired to deprive him of his federal constitutional rights and to commit crimes against him. Massey explains this in responding to the motion to dismiss: "The Plaintiff hereby makes known that the Complaint before this court is not merely to seek relief from an [*sic*] decision by the Commissioner of Social Security." Doc. 17 at 2. And the relief Massey seeks is not limited to payment of the benefits he claims to be owed for his alleged disability; for instance, he also seeks "punitive damages … of at least $120,000." Doc. 1 at 6. Whatever the merits of Massey's RICO and constitutional claims, § 405(h) does not oust the court's jurisdiction to consider them.

The case upon which Defendants principally rely, *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1 (1999), does not advance their cause. The plaintiff in that case brought suit against the Secretary of Health and Human Services ("HHS"), invoking the federal question jurisdiction under 28 U.S.C. § 1331 and alleging that certain HHS Medicare regulations violated federal statutes and the Constitution. 529 U.S. at 5. The Supreme Court held that § 405(h)'s statement that "'[n]o action … to recover on any claim' arising under the Medicare laws shall be 'brought under section 1331 … of title 28'" foreclosed federal question jurisdiction, *see* 529 U.S. at 5 (quoting 42 U.S.C. § 405(h)), and required constitutional challenges to the agency's regulations to be brought through the same special channel for HHS proceedings in general: through an administrative hearing before the agency, followed by

-3-

judicial review in federal court, *see id*. at 7-9.  By the same token, Defendants argue that

§ 405(h) precludes Massey from bringing his claims except pursuant to the judicial review

process set out by § 405(g).  But Massey is not challenging any SSA regulation, and nor do his

RICO and constitutional claims challenge the merits of the Commissioner's denial of benefits.

Rather, Massey alleges that Defendants conspired to violate RICO and his constitutional rights,

and Defendants do not suggest that § 405(g) gives SSA officials immunity from suit under RICO

or other federal laws.

Although Defendants' jurisdictional argument is rejected, Massey is proceeding *in forma*

*pauperis*, Docs. 4, 7, and the Judicial Code provides with respect to such lawsuits that "the court

shall dismiss the case at any time if the court determines that … the action or appeal … fails to

state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  In considering whether

to dismiss Massey's complaint in part for failure to state a claim, the court assumes the truth of

the complaint's factual allegations, though not its legal conclusions.  *See Munson v. Gaetz*, 673

F.3d 630, 632 (7th Cir. 2012); *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir.

2010).  The court has determined that the complaint fails to state RICO and constitutional claims

on which relief could be granted.

Massey applied for disability benefits because of his various health problems, including

seizures, arthritis, and severe facial pain caused by facial reconstructive surgery.  Doc. 1 at 1.

Defendant Kelsey was the ALJ presided over Massey's disability hearing.  Kelsey asked

Massey's wife how she and Massey met; Kelsey's opinion said the following to support her

conclusion that Massey is not disabled:

> I also note that the claimant was able to meet his wife through Facebook,
> establish a relationship with her, and get married, all after the alleged onset
> date.  Furthermore, his wife testified that she leaves her two very young

> children with him while she goes out for short periods. This evidence
> shows that the claimant has no more than moderate problems getting along
> with others and would be able to function within the limitations that I have
> assigned in the residual functional capacity.

*Id*. at 2. Massey alleges that Kelsey is not licensed to practice psychiatry. He also alleges that

Kelsey's statement "that the evidence in records reflects that Carlos Massey did not have any

physical impairments which causes significant exertion limitations in the claimant's ability to

perform basic work activities" was "in violation of U.S.C. Title 18 Section 1001," which

criminalizes the making of materially false statements in federal proceedings, and that the

records available to Kelsey in fact revealed that Massey had medical problems with his hand.

Doc. 1 at 2. Kelsey also concluded that Massey "had mental impairments which have been

shown to cause moderate difficulties in maintaining social functioning and moderate difficulties

in concentration, persistence or pace"; Massey says this conclusion is false, though he does not

say whether his mental impairments are more or less severe than "moderate." *Id*. at 3. Massey

further alleges that Kelsey stated, falsely, that the record did not contain any opinions of

physicians that stated that Massey was disabled, and that she failed to consider the effects on

Massey of the prescription medications he takes, though she was aware of the medications. *Ibid*.

Massey alleges that Kelsey's statements in her opinion amounted to "Fraud Upon the Court" and

a deprivation of Massey's constitutional rights. *Ibid*.

With regard to Defendant Dillon, an Administrative Appeals Judge, Massey alleges that

he conspired against Massey's rights, as shown by the Notice of Appeals Council Action that

Dillon sent Massey, which notified him that the Appeals Council had denied Massey's request

for review of Kelsey's decision. *Id*. at 4; *see also id*. at 17-20 (Dillon's letter). Massey further

alleges that Dillon ignored a letter that Massey sent to a member of the Illinois Senate, in which

Massey explained why the denial of benefits was unlawful. *Id.* at 4. With respect to Defendant

Borland, an Assistant Deputy Commissioner of the SSA, Massey alleges only that he "made the

perjured statement that they [presumably referring to the SSA] had completed the evaluation of

the case [presumably Massey's application for disability benefits] including the additional

information not previously considered and sent it to the Honorable Bobby L. Rush," a member

of Congress. *Ibid.*; *see also id.* at 14 (Borland's letter, which Borland apparently sent to Rush in

response to Rush's inquiries on behalf of Massey, and which informs Rush that the SSA Appeals

Council had decided not to overturn the ALJ's decision to deny Massey benefits).

Massey does not allege that the Commissioner himself did anything wrong, so the court

assumes that he is named as a defendant solely for purposes of Massey's challenge under

§ 405(g) to the denial of disability benefits. If Massey were seeking to bring any other claim

against the Commissioner, that claim would have to be dismissed because the complaint contains

no other allegations that pertain to him.

In addressing the standard applicable to motions to dismiss for failure to state a claim, the

Supreme Court has stated as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to state a claim to relief that is plausible on its face.
> … [O]nly a complaint that states a plausible claim for relief survives a
> motion to dismiss. Determining whether a complaint states a plausible
> claim for relief will … be a context-specific task that requires the reviewing
> court to draw on its judicial experience and common sense. But where the
> well-pleaded facts do not permit the court to infer more than the mere
> possibility of misconduct, the complaint has alleged—but it has not
> "show[n]" [as required by Federal Rule of Civil Procedure 8]—"that the
> pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-69 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Moreover, "the

tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. These principles make clear that Massey has not stated a viable claim for violations of RICO or the Constitution.

Massey's allegations against Dillon and Borland boil down to this: Massey thought he should have been awarded benefits, and Dillon and Borland participated in some way in the decision to deny him benefits and then sent notice of that decision. At worst, this implies that Dillon and Borland may have contributed to an incorrect decision to deny disability benefits, but in that case, § 405(h) makes clear that Massey's exclusive remedy is the judicial review process established by § 405(g). Although Massey claims that Dillon, Borland, and Kelsey conspired together to harm him—a claim distinct from the claim that the Commissioner made a mistake in denying him benefits—no factual allegation in the complaint could give rise to the inference that those three individuals ever discussed Massey together, much less agreed to form a conspiracy to deprive him of his legal rights. *See Redd v. Nolan*, 663 F.3d 287, 292 (7th Cir. 2011) ("[The plaintiff's] assertion of a conspiracy is an unsupported legal conclusion that we are not bound to accept as true. The complaint includes not a whiff of a conspiratorial agreement or any improper complicity between [defendants] Weber and Dougherty to support the conclusory allegation. Taking [the plaintiff's] allegations as a whole, we cannot reasonably infer that Detective Dougherty was involved in ASA Weber's complaint or that he otherwise intentionally interfered with [the plaintiff's] employment.") (citation omitted); *Cooney v. Rossiter*, 583 F.3d 967, 970-71 (7th Cir. 2009). Nor do the complaint's factual allegations plausibly suggest that Dillon or Borland violated RICO or the Constitution in any other respect.

As for Kelsey, Massey's factual allegations, taken as true, establish not only that she rendered a decision denying Massey disability benefits that contains numerous errors, but also

that the errors were intentional and that Kelsey meant to deprive Massey of his legal rights.  But

the fact remains that all of Kelsey's alleged wrongdoing occurred in the context of the hearing

she conducted and the decision she rendered denying Massey disability benefits.  In other words,

Massey is suing Kelsey solely for actions she took in her judicial capacity as an ALJ.  The

Supreme Court has held that ALJs are "entitled to absolute immunity from damages liability for

their judicial acts."  *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 757 (2002)

(quoting *Butz v. Economou*, 438 U.S. 478, 514 (1978)).  As the Court said in *Butz*, "[t]hose who

complain of error in such proceedings [before ALJs] must seek agency or judicial review," rather

than bringing a damages suit against the ALJ.  438 U.S. at 514.  Another Supreme Court

decision precludes Massey from suing Kelsey and the other defendants for money damages for

allegedly violating his due process rights by denying him Social Security benefits.  *See*

*Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988) (holding that a *Bivens* action is unavailable for

such a claim).

Massey's complaint is dismissed under 28 U.S.C. § 1915(e)(2) except to the extent that it

seeks judicial review under § 405(g) of the Commissioner's denial of disability benefits, and is

dismissed as to all Defendants except for the Commissioner.  The dismissal is without prejudice;

although the court doubts that Massey could plausibly allege his RICO and constitutional claims,

he will be given one more chance.  If Massey wishes to replead those claims, he must do so by

January 18, 2013.  Nothing herein should be taken to indicate a view of the merits of Massey's

challenge under § 405(g) to the denial of his application for Social Security benefits.

December 21, 2012                        _____
                                            United States District Judge

-8-